**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1175**

_____

MADISON CAPITAL COMPANY LLC; MADISON FORT LAUDERDALE, LLC,

Plaintiffs – Appellees,

v.

JOSEPH H. MILLER, IV,

Defendant – Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.   Patrick Michael Duffy, Senior District Judge.   (2:08-cv-01563-PMD)

_____

Argued:  March 25, 2011                    Decided:  May 26, 2011

_____

Before KING, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED**:    Clayton  B.  McCullough,  PRATT-THOMAS  WALKER,  PA, Charleston,  South  Carolina,  for  Appellant.   Bryson  Moore  Geer, NELSON  MULLINS  RILEY  &  SCARBOROUGH,  LLP,  Charleston,  South Carolina,  for  Appellees.   **ON  BRIEF**:  Jennifer  H.  Thiem,  NELSON MULLINS  RILEY  &  SCARBOROUGH,  LLP,  Charleston,  South  Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this diversity action to enforce a personal guarantee of a business loan obligation, Defendant guarantor Joseph H. Miller, IV, appeals the district court's award of summary judgment to Plaintiff lender Madison Capital Company LLC, joined on appeal by its post-judgment assignee, Madison Fort Lauderdale, LLC. Miller asserts in the main that the district court misconstrued the governing law of New York and the duties and obligations thereby imposed in connection with the Loan Agreement and Guaranty of Payment executed by the parties to the underlying transaction. In addition to his contentions of legal error, Miller maintains that the district court improperly resolved genuine issues of material fact in Madison's favor and ignored meritorious equitable defenses that should have precluded the entry of summary judgment against him.

With respect to one equitable defense that Miller now contends the district court ignored (an alleged violation of his due process rights), Miller failed to preserve appellate review by presenting the defense in the district court. Generally, "issues that were not raised in the district court will not be addressed on appeal." See Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999). As a result, we review Miller's due process contention for plain error only. See

2

Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 396-97 (4th Cir. 2004) (en banc).

Having carefully examined the record and assessed the parties' written submissions together with the argument of counsel, we discern no reversible error. We are therefore content to affirm the judgment of the district court for the cogent reasons spelled out in its memorandum Order of September 22, 2009 — excepting, of course, the unpreserved due process contention that was not presented to the court and which fails to survive plain error review. See Madison Capital Co., LLC, v. Miller, No. 2:08-cv-1563, 2009 WL 3065205 (D.S.C. Sept. 22, 2009).

AFFIRMED